By the Court. Campbell, J.
The defendant, in April, 1845, purchased from the plaintiff, silver ware to the amount of four hundred and eighty dollars, paying in cash two hundred dollars, and giving his note at sixty days for the remaining two hundred and eighty dollars. The plaintiff, subsequent to the sale, learned that the defendant had procured the goods upon fraudulent misrepresentations ; that, at the time of the purchase, he stated that he was not in debt, and was in a good business, whereas he was greatly embarrassed, and his property covered by chattel mortgages, and subject to heavy judgments. He commenced this action in trover. The testimony showed, that before the commencement of the suit, search was made 'for the defendant, but he could not be found. On the trial of the cause, the plaintiff produced and tendered the note, but did not offer to return the two hundred dollars received in cash. The judge instructed the jury, that the plaintiff had done all that was required of him in seeking for the defendant, and the jury found a verdict for the plaintiff, for $335 60, being the balance of the original bill and interest, after deducting the two hundred dollars.
It is insisted by the defendant, that the plaintiff should have tendered the two hundred dollars, if not before suit brought, then such tender should have been made at the trial. In this case, it was not necessary to make demand of the property. “Trover will lie without demand and refusal, because the original taking was tortious.” (22 Pick. 18, Thurston v. Blanchard.) The defendant acquired no title to the articles. The sale being effected by fraud, worked no change of property. The proof of the fraud, was the proof of the conversion. (See Cary v. Hotaling, 1 Hill 311, and cases cited in opinion of Justice Cowen.)
*592 A demand, in this case, would have been an idle ceremony ; but the plaintiff sought the defendant, and could not find him. Doubtless, the plaintiff would have been entirely willing to have returned the money and the note of the defendant, if he could thereby have procured a return of his property. But it is very evident the defendant would not have made such a return. The evidence given on the trial shows that in a few days after the goods were procured of the plaintiff, the defendant executed bonds and warrants of attorney upon which judgments were entered up for several thousands of dollars; and that he gave a chattel mortgage also upon his personal property, and on the lease of the hotel which he occupied; and also that a judgment existed and suits were proceeding against him to judgment, at the time that he obtained the goods, and defendant’s property was sold under the chattel mortgage. He had, in the just language of the supreme court in Masson v. Boset, (1 Denio 69,) “ so entangled himself in the meshes of his knavish plot, that the party defrauded could not unloose him; the fault was his own.”
It is undoubtedly true, as a general rule, that a party who would disaffirm a contract, must return whatever he has received upon it. But siu-ely this must be upon the condition, that the party returning shall thus restore himself to his own original position; else in case of fraud, the party committing the fraud might, as in this case, place himself in a situation that he could not restore, and yet the injured party shall have no redress, through a proceeding to arrest the person of the defendant, unless he restores all that he has received, and obtains nothing in return but a judgment, which, in a majority of instances, proves worthless. Host of the cases in which the rule is laid down, relate to executory sales, and where on the ground of failure to fulfil, the other party seeks to rescind. Eew case relate to transactions which are fraudulent and void. (See Voorhees v. Earl, 2 Hill 288, opinion of Cowen, J., and cases cited.)
Suppose, in this case, the plaintiff, before suit brought, had found the defendant, and had tendered to him the note and the two hundred dollars, and demanded a return of his property, and which had been refused, he certainly would not have been *593 obliged to leave the note and money with the defendant, before he could proceed in trover against him. TTpon the trial the plaintiff was not certainly obliged to do more than he would have been before commencement of suit, except as to the note. On the trial, he must tender the note, because that is merged in the judgment, and being transferred, might otherwise have been held by bona fide holders, and the defendant thus be made twice liable. But on the trial, there was no pretence that the defendant had the silver ware in court to return to the plaintiff, on receiving his note and the two hundred dollars. If he had been solicitous on this subject, he might have brought in the property and tendered it, and if the plaintiff did not voluntarily consent to receive it, and return the note and money, the court would most probably have made an order, by which judgment would not have passed against him. (See Selwyn’s Nisi Prius, 1303, 4; and 7 Term Eeports 53.) But says Cowen, J., in Voorhees v. Earl, speaking of the rule where a party desires to rescind, he must do so m toto; “ even in a case of a fair sale, the rule is not universal.” We do not think it can be or ought to be applied in this case. We think the charge of the judge was correct, and we see no reason for disturbing the verdict.-
Motion for new trial denied.